# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14-cv-156-RLV
# (5:11-cr-73-RLV-DCK-31)

| | |
|---|---|
| **JEFFREY NATHAN SPARKS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1).

Petitioner Jeffrey Nathan Sparks moves to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing, in part, that his trial counsel, Marcos Roberts, failed to file a notice of appeal of this Court's judgment, notwithstanding Petitioner's request that he do so. Respondent filed a Response on December 29, 2014. (Doc. No. 3). Respondent concedes in the Response that this Court should grant Petitioner's motion to vacate, in part; enter an amended judgment permitting Petition to file a timely notice of appeal; and dismiss Petitioner's remaining claims without prejudice.

## I.      BACKGROUND

On June 19, 2012, Petitioner Jeffrey Nathan Sparks and numerous other individuals were charged by the Grand Jury for the Western District of North Carolina in a Superseding Bill of Indictment with violations of 18 U.S.C. §§ 2, 924(c), and 21 U.S.C. §§ 802, 841, 843, 846, 856

-1-

and 858. (Crim. Case No. 5:11cr73, Doc. No. 198: Superseding Bill of Indictment). Specifically, Petitioner was charged with conspiracy to distribute, possess with intent to distribute, and manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One), and possession of pseudoephedrine, in violation of 21 U.S.C. § 841(c)(2) and 802(34)(K) (Count Two). On February 8, 2013, Petitioner pled guilty, pursuant to a plea agreement, to Count One. (Id., Doc. No. 353: Plea Agreement; Doc. No. 373: Acceptance and Entry of Guilty Plea). On December 4, 2013, this Court conducted Petitioner's sentencing hearing, during which the Court sentenced Petitioner to 63 months' imprisonment, to be followed by five years' supervised release, and ordered that restitution be paid, jointly and severally, in the amount of $22,681.20. (Id., Doc. No. 648: Judgment).

This Court entered judgment on December 13, 2013, and Petitioner did not appeal. (Id.). Rather, on September 26, 2014, he filed the instant motion to vacate, bringing two grounds for relief. Under Ground One, Petitioner asserts the following claims of ineffective assistance of counsel: (1) counsel failed to provide Petitioner with the information necessary for Petitioner to make a knowing decision concerning waiver of his right to a jury trial and signing the plea agreement; (2) counsel failed to object to and fight a sentencing enhancement based on possession of a dangerous weapon, thus denying Petitioner the opportunity to take advantage of certain programs offered by the Bureau of Prisons, and (3) counsel neglected to file a notice of appeal despite Petitioner's request that he do so. Under Ground Two, Petitioner appears to raise a claim of erroneous sentence enhancement. Finally, on November 24, 2014, Petitioner's sentence was further reduced, pursuant to U.S.S.G. Amendment 782, to 51 months' imprisonment. (Id., Doc. No. 815: Order Reducing Sentence).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter and the Government's Response, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Here, Petitioner alleges that after his sentencing, he instructed counsel to file an appeal on his behalf but counsel failed to do so. See (Doc. No. 1-1 at 16). Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is per se ineffective assistance of counsel. Prejudice to the defendant is presumed regardless of the merits of the appeal or waiver of appellate rights. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Therefore, where a court is presented with conflicting verified statements on the issue of whether a defendant unequivocally requested that his counsel file a notice of appeal, the Fourth Circuit has directed that the court conduct an evidentiary hearing to resolve that question of fact. See Poindexter, 492 F.3d at 273. If, after conducting the evidentiary hearing, the Court determines that the petitioner did not unequivocally request that counsel file a notice of appeal, the petitioner's motion should be denied. See id.

In its Response to Petitioner's motion to vacate, the Government asserts that even if it

were to file a response supported by an affidavit in which Petitioner's former attorney denies that Petitioner requested that he file an appeal, at a minimum a factual dispute would still exist over whether Petitioner requested his counsel to file a direct appeal. Respondent contends, therefore, that the appropriate remedy is for the Court to vacate the original judgment and enter a new judgment from which an appeal may be taken. Respondent contends, additionally, that Petitioner's remaining claims should be dismissed without prejudice to his right to file another Section 2255 motion, if necessary, after a direct appeal. See United States v. Killian, 22 Fed. App'x 300, 301 (4th Cir. 2011) ("Because [Petitioner] has never had a direct appeal, . . . taking further action on [his] motion beyond granting [the] Peak claim [would be] inappropriate.").

The Court agrees with Respondent that the Court's resources would best be served by granting the motion to vacate to the extent that Petitioner brings a claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf after Petitioner instructed him to do so. The Court will, therefore, vacate the original judgment and enter a new judgment from which an appeal may be taken, and the Court will dismiss Petitioner's remaining claims without prejudice.

Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals. Should Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within 14 (fourteen) calendar days after the date the Amended Judgment of conviction is filed or within 14 (fourteen) calendar days after any government appeal is filed, whichever is later. FED. R. APP. P. 4(b)(1)(A).

### IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's Motion to Vacate with respect to his claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf. The Court will amend the judgment so that Petitioner can file a timely notice of appeal with the Fourth Circuit Court of Appeals. The Court dismisses without prejudice the remaining claims in the petition.

**IT IS, THEREFORE, ORDERED** that:

1. The petition is **GRANTED** as to Petitioner's claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf.

2. The Court shall amend the judgment consistent with this Order, so that Petitioner may file a Notice of Appeal to the Fourth Circuit Court of Appeals.

3. Petitioner's remaining claims are dismissed without prejudice to Petitioner to refile the petition after the Fourth Circuit has adjudicated Petitioner's claims on appeal.

Signed: January 7, 2015

Richard L. Voorhees
United States District Judge